**WHITEHEAD v. WATTS et al.**

Court of Appeals of Kentucky.

Jan. 30, 1953.

E. C. Wooton, Hazard, for appellant.

Don A. Ward, Hazard, for appellees.

MILLIKEN, Justice.

This case is before us on motion for an appeal from a judgment of the Perry Circuit Court in the amount of $200, with interest from the date of the judgment. The litigation involves the amount due for services rendered and materials furnished by the Whitehead Heating & Plumbing Company to the appellees. The Whitehead Heating & Plumbing Company had filed a mechanic's lien against the property of the appellees in the sum of $475.72, and the appellees contended that the charges for the services were excessive. The Citizens State Bank of Hazard and the Home Lumber Company, also of Hazard, are parties to this action, but are not parties to this appeal.

The trial court appointed a special commissioner to hear the evidence, and he recommended that the appellant, Whitehead, be allowed $437.75 on his claim and be awarded a lien on the appellees' property for that amount. In February, 1951, the appellant, Whitehead, moved the court to confirm the commissioner's report and for judgment. No exceptions were filed by anyone to the commissioner's report, but notwithstanding this fact the trial court, after deferring action until December 21, 1951, about ten days before the judge's term of office expired, denied the commissioner's report and recommendation, and entered a personal judgment in favor of Whitehead against the appellees for $200, with interest from the date thereof, and said nothing about the appellant's claim of a lien on the property on which the work had been done.

We have read the testimony taken by the commissioner, and find that it fully supports his conclusion. The appellees apparently thought that it did, for they took no exceptions to the report during the ten months it awaited the action of the court. In the circumstances and under the evidence, we think the trial court's action was arbitrary and unjust and, consequently, we sustain the motion for an appeal, reverse the judgment, and direct that a judgment be entered in conformity to the recommendation and report of the commissioner.